**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30122 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00093-BMM |
| v. | |
| ROBERT LEWIS BURSHIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Robert Lewis Burshia appeals from the district court judgment and
challenges the 144-month sentence imposed following his jury-trial conviction for
three counts of assault with a dangerous weapon, in violation of 18 U.S.C.
§§ 1153(a), 113(a)(3), and one count of assault resulting in serious bodily injury, in

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. §§ 1153(a), 113(a)(6).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Burshia contends that the district court procedurally erred by failing to explain the sentence adequately, including why it imposed a consecutive 24-month sentence on the serious bodily injury count.  We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none.  The record reflects that the district court considered the relevant 18 U.S.C. § 3553(a) sentencing factors, including Burshia's substance abuse problems, and sufficiently explained the basis for the sentence.

Burshia also contends that his 144-month sentence is substantively unreasonable because his need for rehabilitation outside of prison justifies a shorter sentence.  The district court did not abuse its discretion.  *See United States v. Overton*, 573 F.3d 679, 700 (9th Cir. 2009).  The within-Guidelines sentence is substantively reasonable in light of the section 3553(a) factors and the totality of the circumstances, including the seriousness of the offense.  *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**